UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN TEGARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00266-JMS-TAB |
| | ) | |
| INDIANA PAROLE BOARD, | ) | |
| GWENDOLYN M. HORTH Parole Hearing Chairman, | ) | |
| THOR R. MILLER Parole Hearing Chairman, | ) | |
| VIRGIL R. MADDEN Parole Hearing Chairman, | ) | |
| CHARLES F. MILLER Parole Hearing Chairman, | ) | |
| FREDERICK A. MEDLEY Parole Hearing Chairman, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Leave to Proceed *In Forma Pauperis* and Dismissing Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. The plaintiff is assessed an initial partial filing fee of Twelve Dollars and Seventy-Eight Cents ($12.78). He shall have **through March 9, 2016**, in which to pay this sum to the clerk of the district court.

**II.**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Industrial Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Indiana Parole Board and the five members of the Indiana Parole Board. He alleges the following: in June 2015 the plaintiff was arrested for a parole violation. He had a hearing before the Parole Board on August 19, 2015, during which he told the Parole Board that he was being held in violation of Indiana law. The Parole Board informed him that they do not "make mistakes" and that he would have to remain in custody for the remainder of his parole. He seeks, among other things, $100,000 in damages from each defendant and declaratory and injunctive relief.

"[W]hen a state prisoner seeks damages in a [42 U.S.C.] § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. . . ." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

The principle from *Heck* applies to re-incarceration or continued incarceration pursuant to the order of parole authorities. *See Easterling v. Siarnicki*, 435 Fed. Appx. 524, 526 (7th Cir. 2011) ("*Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation

of parole."); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to parole revocation).  A favorable decision on the plaintiff's claim here—that is, a finding that the Parole Board held him in custody in violation of Indiana law—would necessarily call into question the revocation of his parole.  *See White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that a § 1983 claim based on revocation of parole was barred by *Heck*; "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison.  *Heck* therefore applies, and the 1983 action is not cognizable in a federal court").  Accordingly, *Heck* bars the plaintiff's claims, and they are not actionable until and unless he successfully challenges the revocation of his parole.  The dismissal of his claims shall be without prejudice.

### III.

For the reasons stated, the plaintiff's complaint must be dismissed.  The plaintiff shall have **through March 9, 2016,** in which to show cause why Judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: February 4, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN TEGARDEN
990255
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064